**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-6843

BRODERICK LAMONT WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-90-277, CA-95-152-6)

Submitted: November 12, 1996

Decided: January 10, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Broderick Lamont Williams, Appellant Pro Se. Paul Alexander Wein-
man, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's order denying his motion filed under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We have reviewed the record and the district court's opinion accepting the recommendations of the magistrate judge and find no reversible error as to the issues addressed by the magistrate judge.* United States v. Williams, Nos. CR-90-277; CA-95-152-6 (M.D.N.C. Apr. 22, 1996).

Additionally, we find the two claims not specifically addressed by the magistrate judge to be without merit. First, Petitioner's claim that counsel's actions regarding the motion to sever resulted in a denial of Petitioner's constitutional right under the Fifth and Sixth Amendments to call other witnesses to testify on his behalf is meritless. It is well established that a defendant in a criminal trial has a right under the Compulsory Process Clause of the Sixth Amendment to call witnesses in his favor and has a Fifth Amendment privilege against self-incrimination. Rock v. Arkansas, 483 U.S. 44, 52 (1987). However, Petitioner's bare allegation that a joint trial deprived him of the right to call codefendants does not warrant severance. See United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978), cert. denied, 439 U.S. 1080 (1979). We therefore dismiss this claim as meritless.

Second, we find Petitioner's averment that the cumulative effect of all of his claims resulted in a fundamental miscarriage of justice in violation of the Due Process Clause of the Fifth Amendment to be without merit. Because none of the individual claims amount to a con-

_____

*Petitioner listed six grounds in his § 2255 petition. The magistrate judge specifically addressed the following four allegations: (1) Counsel's advice that Petitioner not testify amounted to ineffective assistance of counsel; (2) counsel's advice that Petitioner not testify resulted in denial of Petitioner's constitutional right to testify on his own behalf; (3) counsel's motion to sever constituted ineffective assistance of counsel; and (4) counsel was ineffective because he had a conflict of interest.

2

stitutional violation, the combination does not result in a fundamental miscarriage of justice. Therefore, we dismiss this claim as meritless.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3